W. E. WHARTON *v.* ELLA GODDARD

(No. 8013)

Submitted November 15, 1934.    Decided December 4, 1934.

*M. H. Willis, E. H. Yost* and *Paul J. Shiben,* for plaintiff in error.

*Walter F. Ball,* for defendant in error.

Woods, President:

This is an action by an undertaker on an alleged oral promise on the part of the defendant to be responsible for any expenses incurred in the burial of her deceased husband. The case was originally brought before a justice of the peace. An appeal was taken from a judgment for the plaintiff; and on the trial *de novo* a verdict was directed for the defendant. Plaintiff prosecutes error.

It appears that James R. Goddard died on November 24, 1932. On the day following, decedent's widow, in company with two brothers-in-law, went to plaintiff's establishment, for the purpose of securing plaintiff's services in connection with her husband's burial. According to the evidence introduced on plaintiff's behalf, the assistant stated that he would charge the expenses of the burial to her (the wife), to which she answered, "all right." The records indicate an original charge against the defendant. Sometime thereafter plaintiff filed, with decedent's administrator, a bill for services rendered. This action, he explained, was taken at the instance of the widow. The claim, however by virtue of prior liens, cannot be satisfied out of such estate. The widow denied any promise to assume payment of the burial expenses. She stated that she simply made the arrangements in accordance with the express desire of her husband that, in case of death, plaintiff be requested to take charge. Thus it is apparent that a clear issue of fact has been raised on whether the defendant made the promise attributed to her. The plaintiff was entitled to have this issue submitted to the jury. *Coleman* v. *N. & W. Ry. Co.*, 100 W. Va. 679, 131 S. E. 563; *Norvell* v. *K. & M. Ry. Co.*, 67 W. Va. 467, 68 S. E. 288; *Norfolk & Western Ry. Co.* v. *Lumpkins*, 151 Va. 173, 144 S. E. 485.

We therefore reverse the judgment of the trial court, set aside the directed verdict, and remand the case for a new trial.

*Judgment reversed; verdict set aside;*
*new trial awarded.*